UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN MICHAEL CAMP,

    Petitioner,

v.                                                                                          CASE NO. 5:13-cv-398-Oc-36PRL

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

_____

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) The Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions (Doc. No. 7). Petitioner filed a reply to the response (Doc. No. 10).

Petitioner alleges five claims for relief. For the following reasons, the petition will be denied.

*I.     Procedural Background*

Petitioner was charged with home invasion robbery with a firearm and false imprisonment. A jury found Petitioner guilty of the lesser-included offense of home invasion robbery with a weapon and false imprisonment. The trial court sentenced Petitioner as a habitual felony offender and prison release reoffender to a sixty-year term of imprisonment for the home invasion robbery and to a concurrent five-year term of

imprisonment for false imprisonment. Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam.*

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, which he amended. The state court denied the amended motion after an evidentiary hearing. Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam.*

## II.   Legal Standards

### A.   *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the Supreme Court of the United States "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y, Dep't of Corr.*, 432 F.3d

2

1292, 1308 (11th Cir. 2005).   The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts.   Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."   *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.   *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.   *Standard for Ineffective Assistance of Counsel*

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of

3

reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1]  *Id*. at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id*. at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).  Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."  *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

### III. *Analysis*

#### A. *Claim One*

Petitioner asserts that counsel rendered ineffective assistance by failing to object to misleading and confusing jury instructions. Specifically, Petitioner argues that "the State assembled the jury instructions to reflect severe charges that are not in descending order or the standard instructions." (Doc. No. 1 at 4.)

Petitioner raised this claim in his Rule 3.850 motion. The state court determined that the claim was procedurally barred from review because Petitioner had challenged the jury instructions on direct appeal. (App. 20.) The Fifth District Court of Appeal affirmed *per curiam*.

Respondents contend that the claim is procedurally barred based on the state court's ruling. One procedural requirement set forth in the AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-22 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or

> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Thus, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Federal habeas courts must apply a three-part test to determine whether a state court's procedural ruling is independent and adequate:

> First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. Finally, the state rule must be adequate, *i.e.*, it must not be applied in an arbitrary or unprecedented fashion. The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for the purposes of the procedural default doctrine.

*Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001) (internal quotes and citations omitted).

In the instant case, Petitioner raised this claim in his Rule 3.850 motion, and the state court expressly found that it was procedurally barred. Furthermore, the state court did not rely on federal law in denying the claim. Thus, the remaining question is whether the rule on which the state court relied to deny the claim was applied arbitrarily or in an unprecedented fashion.

A review of Florida law indicates that other Florida courts have held that an

ineffective assistance of counsel claim premised on counsel's failure to object to jury instructions is cognizable in a Rule 3.850 motion. *See Thompson v. State*, 759 So. 2d 650, 665 (Fla. 2000). This Court concludes, therefore, that the rule relied on by the state court to find that this claim was procedurally barred was applied arbitrarily. Consequently, the Court will consider the merits of claim one.

Petitioner has failed to establish that counsel was deficient for failing to object to the jury instructions or that prejudice resulted therefrom. Review of the jury instructions indicates that the jury was charged on more than twenty lesser-included offenses. It is not clear from the petition what specific jury instruction Petitioner contends was improper or confusing. From the Court's review, none of the instructions is unclear or incorrect. Moreover, it appears that the lesser-included offenses were charged in descending order from most severe to least severe. Finally, the verdict is amply supported by the evidence presented at trial. Petitioner, therefore, has not shown that a reasonable probability exists that the outcome of the trial would have been different had counsel objected to the jury instructions. Accordingly, claim one is denied pursuant to *Strickland*.

  B. *Claim Two*

Petitioner maintains that counsel rendered ineffective assistance during the plea negotiations. In support of the claim, Petitioner argues that counsel attempted to mislead him about the strength of the State's case. In his Rule 3.850 motion, Petitioner

7

also argued that counsel failed to advise him he could be subject to a sixty-year sentence as a habitual felony offender if convicted.

The state court denied this claim. (App. 20 at 584-85.) The state court noted that counsel testified that he did not tell Petitioner that Petitioner's wife had said she saw Petitioner with a gun. *Id*. Instead, counsel told Petitioner that the jury would be able to infer that Mrs. Camp was not being truthful because she admitted she saw him holding a knife, she hid the victim's gun after the offenses, and the prosecutor would argue she was trying to protect her husband. *Id*. The state court further noted counsel's testimony that he basically begged Petitioner to take the fifteen-year plea offer because if he did not he was effectively forfeiting his life if convicted. *Id*. The state court determined that the record reflected that Petitioner had no interest in accepting the fifteen-year plea offer and was aware of the consequences of proceeding to trial. *Id*. at 585.

The state court's denial of this claim is supported by the record. Counsel testified at the evidentiary hearing that he did not lie to Petitioner about the content of his wife's deposition testimony and that he told Petitioner he was facing a mandatory life sentence if convicted. (App. 17 at 398-99, 403.) Petitioner also admitted that counsel told him that he was facing life in prison if he rejected the plea offer. *Id*. at 387. Nevertheless, Petitioner rejected the State's plea offer, noting that counsel was trying to sucker him into a fifteen-year sentence. (App. 3 at 8.) Petitioner has not demonstrated that counsel

8

misled him about the strength of the State's case or failed to advise him of the maximum sentence he was facing if convicted. Petitioner also has not shown that a reasonable probability exists that he would have accepted the plea offer absent counsel's alleged deficient performance. Accordingly, claim two is denied pursuant to section 2254(d).

C.     *Claim Three*

Petitioner maintains that counsel rendered ineffective assistance by failing to call Malinda Camp, Petitioner's wife, as a witness. Petitioner contends that she would have testified that Petitioner did not have a gun and did not rob the victim of anything.

Petitioner raised this claim in his Rule 3.850 motion. The state court denied relief. (App. 20 at 582-83.) The state court credited counsel's testimony that he deposed Malinda Camp and made a strategic decision not to call her as a witness after conferring with Petitioner. *Id.*

The state court's denial of this claim is neither contrary to, nor an unreasonable application of, *Strickland* nor is it an unreasonable determination of the facts. "Credibility determinations are factual findings and therefore 'are presumed to be correct absent clear and convincing evidence to the contrary.'" *Guerra v. Sec'y, Dep't of Corr.*, 271 F. App'x 870, 871 (11th Cir. 2008) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)). Petitioner has not demonstrated by clear and convincing evidence that the state court's factual determination is incorrect.

Counsel testified that he was aware of the discrepancies in Malinda Camp's

9

statement to police and her deposition testimony. (App. 17 at 401.) Counsel was concerned that if he called her as a witness, the State would be able to cross-examine her to the defense's detriment. *Id*. at 401-02. Counsel said he advised Petitioner that if the State cross-examined and impeached Malinda Camp, the jury would be able to infer that her testimony was fabricated to aid Petitioner and that Petitioner did have a gun because Malinda Camp hid the victim's gun after the incident. *Id*. at 403. Counsel discussed the merits of calling Malinda Camp and explained the advantages and disadvantages of doing so after which Petitioner agreed with counsel's decision not to call her as a witness. *Id*. at 402-03. Counsel made a reasonable decision not to call Malinda Camp as a witness after consulting with Petitioner.

Furthermore, a reasonable probability does not exist that the outcome of the trial would have been different had Malinda Camp been called as a witness. The victim testified unequivocally that Petitioner broke into his home, hit him, held him at knife point, and took some of his medication and a beer. Malinda Camp would have been impeached due to her statement to police and her relationship to Petitioner. Consequently, claim three is denied pursuant to section 2254(d).

  D. *Claim Four*

Petitioner asserts that counsel rendered ineffective assistance by saying in opening statement that Petitioner was guilty of being a drunken fool. Petitioner argues that voluntary intoxication was not a defense to the offense and the statement was slanderous.

10

Petitioner raised this claim in his Rule 3.850 motion. The state court denied relief. (App. 20 at 586.) The state court reasoned that counsel testified that he wanted the jury to view Petitioner as a non-violent drunkard instead of a home invasion robber. *Id.* Counsel maintained at trial that Petitioner knew the victim, lived on his property, had been in his home, did not form the intent to commit a crime until after he was in the home, and then he only took medication from the victim. *Id.* The state court determined that counsel made a reasonable strategic decision to make this statement in opening. *Id.*

Petitioner has not demonstrated that the state court's decision is contrary to, or an unreasonable application of, *Strickland*. Counsel said Petitioner was a drunken fool during opening statement to negate his intent to commit home invasion robbery. Even assuming counsel was deficient for making the statement, Petitioner has not shown that prejudice resulted therefrom. The evidence in the case was substantial, and no reasonable probability exists that the outcome of the trial would have been different had counsel not made the statement. Accordingly, claim four is denied pursuant to section 2254(d).

E. *Claim Five*

Petitioner asserts that the State failed to disclose the recording of Malinda Camp's statement to police. In support of this claim, Petitioner maintains that Malinda Camp's statement would have refuted the victim's testimony that Petitioner took his medication.

Petitioner raised this claim in his Rule 3.850 motion. The state court determined

that Petitioner had not established that the State failed to disclose favorable evidence in violation of *Brady v. Maryland,* 373 U.S. 83 (1963).   (App. 20 at 588.)

To prevail on a claim brought pursuant to *Brady*, Petitioner must demonstrate the following:

> (1) that the Government possessed evidence favorable to the defendant (including impeachment evidence); (2) that the defendant does not possess the evidence nor could he obtain it himself with any reasonable diligence; (3) that the prosecution suppressed the favorable evidence; and (4) that had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different.

*United States v. Meros*, 866 F.2d 1304, 1308 (11th Cir. 1989).

At the evidentiary hearing, defense counsel testified that he was aware of Malinda Camp's recorded statement to police and had reviewed it prior to trial.   (App. 17 at 401.) Therefore, there is no evidence that the prosecution suppressed evidence or that the defense did not possess the evidence.   Accordingly, claim five is denied pursuant to section 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.   *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by John Michael Camp is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** in Ocala, Florida, this 9th day of December, 2014.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
John Michael Camp

14